UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Capstone Classical Academy et al.,<br>Plaintiffs,<br>vs.<br>Bachmeier et al.,<br>Defendants. | **STATE DEFENDANTS' ANSWER**<br>**Case No. 1:26-cv-00190** |

Defendants Levi Bachmeier, in his official capacity as Superintendent of Public Instruction and *ex officio* member of the Education Standards and Practices Board, et al., ("State Defendants") answer the Plaintiffs' *Complaint for Declaratory and Injunctive Relief* (Doc. No. 1) as follows:

**INTRODUCTION AND JURISDICTIONAL STATEMENT**

[¶1] State Defendants deny each and every allegation of Plaintiffs' complaint except as hereinafter admitted.

[¶2] With respect to paragraphs 1–3, these paragraphs contain prefatory remarks summarizing Plaintiffs' allegations and do not require a response. To the extent a response is required, State Defendants deny the allegations set forth in these paragraphs.

[¶3] State Defendants admit the allegations in paragraphs 4–6.

**PARTIES**

[¶4] With respect to paragraph 7, State Defendants admit that Capstone is a nonpublic school located in Fargo, North Dakota, and is subject to North Dakota law. State Defendants are without sufficient information to admit or deny the remaining allegations in this paragraph and therefore deny them.

[¶5] With respect to paragraph 8, State Defendants admit that Young is subject to North Dakota law. State Defendants assert that the cited provisions of North Dakota law speak for themselves and deny any allegation inconsistent with those provisions. State Defendants are

without sufficient information to admit or deny the remaining allegations in this paragraph and therefore deny them.

[¶6] With respect to paragraph 9, State Defendants admit that Nelson is subject to North Dakota law. State Defendants assert that the cited provisions of North Dakota law speak for themselves and deny any allegation inconsistent with those provisions. State Defendants are without sufficient information to admit or deny the remaining allegations in this paragraph and therefore deny them.

[¶7] With respect to paragraph 10, State Defendants deny that Superintendent Bachmeier is an *ex officio* member of the North Dakota Education Standards and Practices Board. State Defendants affirmatively assert that Bachmeier's designee is an *ex officio* member of the North Dakota Education Standards and Practices Board. State Defendants admit the remainder of the paragraph.

[¶8] With respect to paragraphs 11, 12, and 25–27, State Defendants assert that the cited provisions of North Dakota law speak for themselves and deny any allegation inconsistent with those provisions.

[¶9] With respect to paragraph 13, State Defendants admit that Superintendent Bachmeier has authority over the Department's personnel. State Defendants are without sufficient information to admit or deny the remaining allegations in this paragraph and therefore deny them.

[¶10] State Defendants admit the allegations in paragraphs 14–16, 18–20, and 22–23.

[¶11] With respect to paragraph 24, State Defendants admit that Rebecca Pitkin is the Executive Director of the Education Standards and Practices Board, but deny the remainder of the paragraph. State Defendants affirmatively assert that Pitkin delegates her secretarial responsibilities to a staff member.

[¶12] State Defendants deny the allegations in paragraphs 17 and 21.

[¶13] With respect to paragraph 28, State Defendants admit that Rebecca Pitkin has authority over the Education Standards and Practices Board's staff. State Defendants are without

sufficient information to admit or deny the remaining allegations in this paragraph and therefore deny them.

**THE TEACHER LICENSING REQUIREMENTS**

[¶14] State Defendants admit the allegations in paragraphs 29 and 49.

[¶15] State Defendants deny the allegations in paragraphs 35, 36, 74, 78, 85, 92, 99, 100, 106, 125, 128–136, 140, 141, 143, 154, and 161–164.

[¶16] With respect to paragraphs 39, 43, 48, 50, 51, 53, 60, 67, 75, 76, 80, 83, 84, 96, and 105, State Defendants assert that the cited document (or documents) speaks for itself, deny all allegations inconsistent with the document(s), and deny any remaining allegations in these paragraphs.

[¶17] With respect to paragraphs 30–32, 37, 38, 44–47, 52, 54, 57, 61, 63–65, 70–72, 81, 87, 88, 91, 93–95, 98, 107, 119, 137, 153, and 168, State Defendants assert that the cited provisions of North Dakota law speak for themselves, deny any allegation inconsistent with the cited provisions, and deny any remaining allegations in these paragraphs.

[¶18] With respect to paragraphs 55, 56, 58, 59, 62, 66, 73, 86, 124, 126, and 138, State Defendants assert that the cited provisions of North Dakota law, as well as the cited documents, speak for themselves, deny any allegation inconsistent with the cited provisions or documents, and deny any remaining allegations in these paragraphs.

[¶19] With respect to paragraphs 41, 68, 89, 90, 101, 103, 108, 109, 111–118, 120–123, 127, 139, 142, 144, 145, 147–152, 156-160, and 165–167, State Defendants are without sufficient information to admit or deny the allegations in these paragraphs and therefore deny them.

[¶20] With respect to paragraphs 33 and 34, State Defendants admit that North Dakota law applies to all teachers. State Defendants are without sufficient information to admit or deny the remaining allegations in these paragraphs and therefore deny them.

[¶21] With respect to paragraph 40, State Defendants admit that ETS is a state-adopted testing provider. State Defendants are without sufficient information to admit or deny the remaining allegations in this paragraph and therefore deny them.

[¶22] With respect to paragraph 42, State Defendants admit that traditional licensure candidates must pass the tests indicated, but deny that the fees cited in this paragraph are always required in the amounts listed.

[¶23] With respect to paragraph 69, State Defendants admit the existence of "other pathways" to licensure and deny the remaining allegations of the paragraph.

[¶24] With respect to paragraph 77, State Defendants admit that there are over 100 license codes and course codes. State Defendants deny the remainder of the paragraph.

[¶25] With respect to paragraph 79, State Defendants admit to the existence of the two logic course codes described in the paragraph. State Defendants are without sufficient information to admit or deny the remaining allegations in this paragraph and therefore deny them.

[¶26] With respect to paragraph 82, State Defendants admit that ESPB charges $80 to add a license endorsement. State Defendants are without sufficient information to admit or deny the allegations in the remainder of the paragraph and therefore deny them.

[¶27] With respect to paragraph 97, State Defendants admit that North Dakota law applies to private schools and their teachers. State Defendants deny the remainder of the paragraph.

[¶28] With respect to paragraph 102, State Defendants admit that Capstone did not fully comply with the governing law. State Defendants assert that the cited provisions of North Dakota law speak for themselves and deny any allegation inconsistent with those provisions. State Defendants deny the remaining allegations.

[¶29] With respect to paragraph 104, State Defendants admit that the Department of Public Instruction sent Capstone a letter dated May 2, 2025. State Defendants further assert that the contents of the document speak for itself and deny any allegations inconsistent with the document.

[¶30] With respect to paragraph 110, State Defendants admit that the teacher numbers and licensing types in the bulleted list match the ESPB's records. State Defendants are without sufficient information to admit or deny the remaining allegations in this paragraph and therefore deny them.

[¶31] With respect to paragraph 146, State Defendants deny the characterization of the state's licensing standards. State Defendants are without sufficient information to admit or deny the remainder of the allegations in this paragraph and therefore deny them.

[¶32] With respect to paragraph 155, State Defendants assert that the cited case speaks for itself and deny any allegations inconsistent with the cited authority.

**CONSTITUTIONAL CLAIMS**

[¶33] With respect to paragraphs 169, 182, and 199, State Defendants incorporate their responses to paragraphs 1–168 as set forth above.

[¶34] With respect to paragraphs 170, 171, 183, 184, 200, and 201, State Defendants assert the cited legal authorities speaks for themselves, deny any allegations inconsistent with the cited authority, and deny the remainder of these paragraphs.

[¶35] State Defendants deny the allegations in paragraphs 172–181, 185–198, and 202–211.

**PRAYER FOR RELIEF**

[¶36] State Defendants deny all claims for relief set out in paragraphs A–E.

**AFFIRMATIVE DEFENSES**

[¶37] Plaintiffs' complaint fails to state a claim upon which relief can be granted.

[¶38] Plaintiffs lack standing to bring the complaint.

[¶39] Plaintiffs' complaint is barred on the grounds of laches, statute of limitations, and repose.

[¶40] Plaintiffs' claims are barred by Eleventh Amendment sovereign immunity.

[¶41] Plaintiffs have not been deprived of any constitutional, civil, statutory, or common-law right.

[¶42] Plaintiffs are not entitled to the requested relief.

[¶43] Pending completion of discovery, State Defendants assert and incorporate by reference all affirmative defenses available pursuant to Rules 8, 9, and 12 of the Federal Rules of Civil Procedure.

[¶44] WHEREFORE, State Defendants demand judgment dismissing the complaint with prejudice and awarding State Defendants such relief as may be deemed just and equitable under the circumstances.

Dated this 14th day of August, 2026.

State of North Dakota
Drew H. Wrigley
Attorney General

By: /s/ Jane G. Sportiello
Jane G. Sportiello
Assistant Attorney General
State Bar ID No. 08900
Office of Attorney General
500 North 9th Street
Bismarck, ND 58501-4509
Telephone (701) 328-3640
Email jsportiello@nd.gov

By: /s/ Courtney R. Titus
Courtney R. Titus
Assistant Attorney General
State Bar ID No. 08810
Office of Attorney General
500 North 9th Street
Bismarck, ND 58501-4509
Telephone (701) 328-3640
Email ctitus@nd.gov

Attorneys for State Defendants.